# EXHIBIT B

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

DOCKETED

OCT 2 6 2020

R. POSTELL
COMMERCE PROGRAM

| | | |
|---|---|---|
| **TAPS & BOURBON ON TERRACE, LLC** | : | **JULY TERM, 2020** |
| *Plaintiff* | : | |
| | : | **NO. 00375** |
| **v.** | : | |
| | : | **COMMERCE PROGRAM** |
| **UNDERWRITERS AT LLOYDS LONDON** | : | |
| **and MAIN LINE INSURANCE OFFICES,** | : | **CONTROL NO. 20093025** |
| **INC.** | : | |
| *Defendants* | : | |
| | : | |

## ORDER

AND NOW, this 26th day of October, 2020, upon consideration of defendant Certain

Underwriters at Lloyd's, London's, improperly identified as "Those Certain Underwriters at

Lloyd's London" preliminary objections to plaintiff's complaint, and any response thereto, it is

hereby

### ORDERED

that the preliminary objections are **OVERRULED.**[1]

Taps & Bourbon On Terra-ORDER



20070037500035

---

[1] Pursuant to Pa. R.C.P. 1028(a)(4), a party may raise a preliminary objection due to legal
insufficiency of a pleading (demurrer). When considering preliminary objections, all material
facts and reasonable inferences set forth must be admitted as true. Haun v. Cmty. Health Sys.
Inc., 14 A.3d 120, 123 (Pa. Super. 2011) (citation omitted). A court may not consider facts that
are not contained within the challenged pleading. See Detweiler v. School Dist. Of Borough of
Hatfield, et al., 104 A.2d 110, 113 (Pa. 1954).

    This litigation arises from the denial of insurance coverage for business losses as a result
of the COVID-19 pandemic and the resulting state and local orders mandating that all non-
essential businesses be temporarily closed. In the instant preliminary objections, defendant
alleges that plaintiff's claim is not covered under the policy because, *inter alia*, there is no
"direct physical loss" or "damage to" the property, the civil authority coverage provision does
not apply, and the virus exclusion provision precludes coverage. Additionally, defendant alleges
that since the claim is not covered, a bad faith claim cannot survive.

    At this very early stage, it would be premature for this court resolve the factual
determinations put forth by defendant to dismiss plaintiff's claims. Taking the factual allegations
made the plaintiff's complaint as true, as this court must at this time, plaintiff has successfully

BY THE COURT:

_____
GLAZER, J.

---

pled to survive this stage of the proceedings. Moreover, the law and facts are rapidly evolving in the area of COVID-19 related business losses. Accordingly, the preliminary objections are overruled.