IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZAGAFEN BALA, LLC,** | : | CIVIL ACTION |
| **VK TAVERN, LLC,** | : | |
| **VINTAGE KOSHER, LLC,** | : | |
| **REAL FRESH, INC.,** | : | |
| *individually and on behalf* | : | |
| *of all others similarly* | : | |
| *situated,* | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | No. 20-3033 |
| | : | |
| **TWIN CITY FIRE INSURANCE** | : | |
| **COMPANY,** | : | |
| *Defendant.* | : | |

## Memorandum Opinion

Plaintiffs ask the Court to set aside or amend its judgment (ECF Nos. 30 and 31) so they can amend their complaint to plead that Plaintiffs reasonably expected their COVID-19-related business losses to be covered under their insurance policies with the Defendant. However, Plaintiffs have not satisfied the requirements of either Federal Rule of Civil Procedure 60(b) or 59(e).

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment in the case of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court finds that none of these grounds are

1

applicable here. Furthermore, the additional facts Plaintiffs propose to plead are conclusory statements that would not change the Court's prior analysis, and so cannot warrant relief from the judgment. The Court addressed Plaintiffs' claim that the "reasonable expectations" doctrine supports their interpretation of the Policy and found that there was no reasonable expectation of coverage under the circumstances that could overcome the unambiguous language of the policy. The proposed additional pleadings would not change that. Thus, relief is not justified under Rule 60(b).

A Rule 59(e) motion provides for amending or altering a final judgment on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). None of these circumstances is present here either. Plaintiffs cite recent decisions in the Eastern District of Pennsylvania addressing substantially similar business interruption policies and finding that the reasonable expectations of the insured may apply. ECF No. 32-3 at 4-5. However, these cases do not represent a change in controlling law or evidence of a clear error of law from this Court. Motions for reconsideration should be granted sparing in the interests of finality and conservation of scarce judicial resources. *Pennsylvania Ins.*

*Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992). Reconsideration is not appropriate in this case.

Date: February 17, 2021　　　　　　　　　　　By the Court:

　　　　　　　　　　　　　　　　　　　　　　<u>/s/   Chad F. Kenney</u>
　　　　　　　　　　　　　　　　　　　　　　Chad F. Kenney

3